**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Vermont Environmental Board,
Plaintiff,                                       }
                                                 }
v.                                               }    Docket No. 96-5-02 Vtec
                                                 }
Allen Road Land Company, Inc.,                   }
and John Larkin, Respondents.

Decision and Order on Motion to Dismiss John Larkin

On April 23, 2002, the Chair of the Vermont Environmental Board issued an administrative order pursuant to 10 V.S.A. ' 8008 regarding Respondents, who timely requested a hearing in Environmental Court. The Administrative Order alleges violations of the hours of operation stated in the permit application materials, and asserted to be incorporated into Condition 2 of the District Commission permit and incorporated by reference into the Environmental Board permit. Respondents are represented by Carl H. Lisman, Esq.; and the Vermont Environmental Board is represented by Thomas G. Walsh, Esq.

The hearing on the merits of the Administrative Order has been set for Friday, May 17, 2002. Respondents have moved to dismiss John Larkin as a party, on the grounds that Land Use Permit (Act 250 Permit) #4C1060 as issued by the District Environmental Commission December 5, 2000, and Land Use Permit (Act 250 Permit) #4C1060-EB as issued by the Vermont Environmental Board on July 18, 2001, both identify Allen Road Land Company, Inc., as the sole permittee.

The >Order= section of the Administrative Order contains three provisions: an order that Respondents not engage in activity outside the hours of operation of Monday through Friday, 7:00 a.m. to 5:00 p.m.; a stay of A all of Respondents= presently pending LUP [Land Use Permit] applications, including but not limited to LUP Application #4C0626-6C-R, and any future LUP applications;@ and a monetary penalty. These order provisions were issued under 10 V.S.A. ' 8008(b) and (c), but none of the order provisions appears to be a technical remedial order issued under ' 8008(b)(5).

The statute requires this Court first to determine whether a violation has occurred, 10 V.S.A. ' 8012(b)(1). If a violation has occurred, the Court must then determine whether to affirm, modify or reverse the other provisions of the order, 10 V.S.A. ' 8012(b)(3), and then to review and determine anew an appropriate penalty amount for the violations by applying the eight criteria set forth in 10 V.S.A. ' 8010(b). 10 V.S.A. ' 8012(b)(4). In considering whether the processing of other applications should be stayed, the Court must apply the provisions of 10 V.S.A. ' 8011, including a determination whether the violation asserted in the Administrative Order is directly related to the activity which is the subject of the other permit application. 10 V.S.A. ' 8011(a)(2).

A corporation can only act through individuals, who may be the corporation= s principals, directors, agents, or employees, or may be independent contractors. It is not possible to tell from the bare fact that a corporation is the permit holder in a particular instance, whether any individual associated with the corporation is or is not also be responsible for some activity if that activity violates a permit. Accordingly, Respondents= motion to dismiss Mr. Larkin is denied without prejudice as premature. It may be renewed at any time during or after the evidentiary hearing now scheduled for Friday, May 17, 2002.

Done at Barre, Vermont, this 13th day of May, 2002.


_____
Merideth Wright
Environmental Judge